**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190350-U

Order filed September 17, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| LINZI HARRIS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0350 |
| | ) | Circuit No. 2018-L-789 |
| LINCOLN-WAY SCHOOL DISTRICT | ) | |
| NO. 210, | ) | Honorable |
| | ) | Raymond E. Rossi, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Carter and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1  *Held*: The dismissal of a plaintiff's complaint against the School District for injuries sustained in a fall on School District property was reversed because there were questions of fact regarding the location of the fall and the character of the walkway where the plaintiff fell.

¶ 2  The plaintiff, Linzi Harris, appeals from the dismissal with prejudice of her complaint against the defendant, Lincoln-Way School District No. 210, to recover damages for injuries sustained when Harris fell while attending a high school football game.

¶ 3 FACTS

¶ 4      In her complaint, Harris alleged that she was injured on September 15, 2017, when she tripped and fell over cracked, broken, uneven, defective, and dangerous pavement next to the football field located at Lincoln Way East High School. Harris alleged that her injuries were caused by the School District's negligence in maintaining or repairing the property and/or warning of the defect.

¶ 5      The School District filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(9) (West 2016)), contending that it was not liable for any alleged negligence under section 3-106 of the Local Government and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-106 (West 2016)) since the property where Harris was injured was public property intended or permitted to be used for recreational purposes.

¶ 6      Harris's response to the motion to dismiss indicates that she tripped and fell on the sidewalk adjacent to, but outside of, the fence that surrounded the track and football field. Harris argued that the character of the property as a whole was educational in nature. The School District's answer to interrogatories was attached as an exhibit in support of Harris's response. The School District's answer stated that the entire high school property consisted of 77.75 acres that included a high school building, a football field, a field house, a pool, and various other sports fields. The answer also indicated that Harris's injury occurred within the fenced football stadium, but outside of the fenced football field. The answer further indicated that the fenced football stadium was used for extracurricular football games, other sports games, and sport practices, in addition to some physical education classes. Also, the public was allowed to walk or run on the track during the

2

day. The football stadium perimeter fence was locked from dusk to dawn, except when in use for scheduled events. A map of the high school property was also attached to Harris's response.

¶ 7       The trial court granted the motion to dismiss. Harris filed a motion to reconsider, which was denied. Attached to the School District's response to the motion was a more legible version of the school map that Harris had submitted in her response to the motion to dismiss. Harris appealed.

¶ 8                                          ANALYSIS

¶ 9       Harris argues that she fell on the pavement outside of the fence that surrounded the track that surrounded the football field, so she fell outside the recreational facility. She contends that dismissal was improper because there were questions of fact regarding the location and the character of the property where Harris fell and the character and nature of the property as a whole. The School District argues that it is a public entity and that the complaint was properly dismissed because the football field and its adjacent structure, the walkway, were intended for and were being used for recreational purposes, so the School District was immune from liability under section 3-106 of the Tort Immunity Act. The School District contends that Harris was a spectator engaged in recreation and, although she was outside the fence that enclosed the track and football field, she was within an area intended or permitted to be used for recreational purposes.

¶ 10      The School District sought dismissal of Harris's complaint under section 2-619(a)(9) of the Code, which permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). Immunity under the Tort Immunity Act is such an affirmative matter properly raised in a motion pursuant to section 2-619(a)(9) of the Code. *Bubb v. Springfield School District 186*, 167 Ill. 2d 372, 378 (1995). A motion to dismiss pursuant to section 2-619 of the

3

Code admits as true all the well-pleaded facts, along with all reasonable inferences from those facts, and the court interprets all the pleadings and supporting documents in the light most favorable to the nonmoving party. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). The affirmative matter asserted by the defendant may be apparent on the face of the complaint or the motion must be supported by affidavits or other evidentiary materials. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 377 (2003). Once a defendant satisfies this initial burden, the burden shifts to the plaintiff to establish that the defense is unfounded or that there is a material issue of fact in dispute. *Id.*

¶ 11    When reviewing a dismissal under section 2-619 of the Code, we apply a *de novo* standard of review and evaluate whether a " 'a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal [was] proper as a matter of law.' " *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 436 (2008) (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)).

¶ 12    In this case, the School District relied upon the allegations in Harris's complaint in moving to dismiss based upon section 3-106 of the Tort Immunity Act. That provision states:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." 745 ILCS 10/3-106 (West 2016).

¶ 13          Harris's response to the motion to dismiss included the School District's answer to interrogatories and documents provided in response to Harris's request for production, including a map of the school property.

¶ 14          Harris argues that there were issues of fact regarding the location and character of the area where she fell. She contends that the overall use of the property was for educational purposes and there was no evidence that the walkway where she fell was recreational or primarily used for recreational purposes. The School District argues that Harris was a spectator at a football game, so she was engaged in recreational activities, and that she fell within the fenced football stadium. Harris responds by noting that her use of the area was not determinative of the overall character of the property and that the bounded area of the football field was not established by the evidence. Harris argues that there was no building, so there could not be a football stadium, so the School District's answer to the interrogatories was misleading in stating that Harris fell within the football stadium.

¶ 15          Harris is correct that the character of her use of the sidewalk was not determinative; immunity depends on the character of the property, not the activity performed at any given time. *Bubb*, 167 Ill. 2d at 379. There were no other allegations or other evidence indicating that the sidewalk itself was used for recreational purposes. See *id.* at 382 (painted markings on the sidewalk indicated recreational intent). Since the sidewalk itself was not recreational, we consider whether the sidewalk increased the usefulness of the recreational property. See *Adamczyk v. Township High School District 214*, 324 Ill. App. 3d 920, 923 (2001) (property can be immune under section 3-106 of the Tort Immunity Act if property itself is intended or permitted to be used for recreational purposes or if the property in question, though not itself recreational, increases the usefulness of the adjacent recreational property).

5

¶ 16        In *Sylvester v. Chicago Park District,* 179 Ill. 2d 500 (1997)*,* a spectator was injured on a walkway that connected a park district parking lot to nearby Soldier Field. The Illinois Supreme Court held that immunity under section 3-106 of the Tort Immunity Act applied because the walkways and parking lots adjacent to Soldier Field, while not primarily recreational themselves, increased the usefulness of Soldier Field, which was recreational. *Sylvester*, 179 Ill. 2d at 508. Harris was injured on high school property, which has structures and areas that are educational and structures and areas that are recreational. While implicitly rejecting the notion that the school property should be considered educational as a whole, and immunity under section 3-106 of the Tort Immunity Act can never apply when considering parking lots and walkways, the court in *Rexroad v. City of Springfield*, 207 Ill. 2d 33 (2003), distinguished *Sylvester* on the basis that Soldier Field's adjacent parking lots and walkways served to benefit Soldier Field only and thus increased the usefulness of the stadium, while a high school parking lot can provide access to several different areas of the school not used for recreational purposes. *Rexroad*, 207 Ill. 2d at 41-42 (the plaintiff was injured while crossing a parking lot that served the entire school and only incidentally the football field). If the use is only incidental to the recreational facility, then immunity under section 3-106 of the Tort Immunity Act would not apply. *Id.* at 43. In this case, while there was a map included in the record, there are questions of fact regarding the location of Harris's fall, the extent and location of fences vis-à-vis the walkway where Harris fell, and the character of the walkway. Thus, we reverse the dismissal of Harris's complaint and remand for further proceedings.

¶ 17                                CONCLUSION

¶ 18        The judgment of the circuit court of Will County is reversed and remanded.

¶ 19        Reversed and remanded.

6